IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN OTIS THORNTON JR. | § | |
| v. | § | CIVIL ACTION NO. 5:22cv5 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff John Otis Thornton Jr., an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the Texas Department of Criminal Justice, the Office of the Attorney General, and Dr. Mark Barber.

**I. The Plaintiff's Complaint**

In his original complaint, Plaintiff stated that the Defendants are violating his right to be free from cruel and unusual punishment and his right to be free from slavery by making him work despite his medical records, during the Covid-19 pandemic or at any other time. He stated that Dr. Barber told him the medical department did not do job changes, so Plaintiff contends Dr. Barber "must be following the Texas Department of Criminal Justice policy in accordance with state law." (Docket no. 1, p. 4).

Plaintiff further stated he is being forced to work or receive disciplinary cases, and this amounts to slavery because he does not receive good time or work time and has to serve 30 calendar years before becoming eligible for parole. He has high blood pressure and asthma, which he says

is a valid reason for not going to work, and acknowledges that he has work restrictions of no work in sunlight, no exposure to environmental pollutants, no work with chemicals or irritants, and he is supposed to have a restriction against excessive heat.

As exhibits to his original complaint, Plaintiff attaches a disciplinary case he received for not turning out to work and Step One grievance no. 2017116505, signed April 7, 2017, in which he asks for a job change out of the kitchen because of his medical issues. The response stated that while he does have some medical restrictions, there are multiple tasks he can do in the kitchen within those restrictions. The kitchen staff is aware of his restrictions, and no further action is warranted. (Docket no. 1-2, p. 2).

In his Step Two appeal of this grievance, Plaintiff stated that he believes a job change would be the best thing because the kitchen is too hot, working 12 hours in the heat is cruel and unusual punishment, and receiving disciplinary cases is also cruel and unusual because he has high blood pressure and asthma. The response to this grievance stated that jobs are assigned based on the needs of the facility and the offender's job restrictions, and he is appropriately assigned.

In Step One grievance no. 2017127652, signed on April 26, 2017, Plaintiff stated that he is appealing disciplinary case no. 20179241345, saying he had a legitimate reason not to go to work because he had a headache from his blood pressure. The response to this grievance was that no procedural errors were identified, there was sufficient evidence to support the guilty verdict, and the punishment imposed was within established guidelines. (Docket no. 1-2, p. 5). Plaintiff sought $100 million in damages.

On January 18, 2022, the Court ordered Plaintiff to file an amended complaint setting out a short and plain statement of the claim. The order directed Plaintiff to furnish a concise statement of his claims including specific facts, the individual or individuals whom he wished to name as defendants, a statement showing how each defendant is involved, the harm suffered, the relief sought, and a statement of whether or not Plaintiff had exhausted his administrative remedies. Plaintiff filed his amended complaint on January 31, 2022.

This amended complaint stated that TDCJ subjected him to slavery by requiring him to work while providing no good time or work time. The Office of the Attorney General is identified as the attorney for the State of Texas, and Plaintiff states Dr. Barber "contracted with TDCJ - slavery - force work with medical restrictions in accordance with state law." He provided a time slip showing that he had received over nine years and six months of good time and work time, but says this time "looks good on paper but amounts to nothing." He has also lost 575 days of good time and 232 days of work time. In a handwritten note, Plaintiff states that the time slip shows he receives good time and work time, and sometimes it is taken, but it is never truly active toward his sentence. (Docket no. 10-1, p. 2). Plaintiff also refers back to his original complaint.

On March 7, 2022, Plaintiff filed Step One and Step Two grievance no. 2022023082 (docket no. 14). In the Step One grievance, signed on October 26, 2021, he stated that he is being forced to work in the kitchen with his high blood pressure and asthma. If he does anything, he says that he will "pour down in sweat," which can contaminate items in the kitchen. The face mask issued by TDCJ sticks to his mouth and nose, making it hard for him to breathe. He lists six medications he is taking for high blood pressure and two inhalers for his asthma. The response to this grievance stated that neither the issues listed in the grievance nor his medical restrictions prevent him from working in food service. (Docket no. 14-1, p. 2).

In his Step Two appeal of this grievance, Plaintiff stated that his complaint is with TDCJ and the Office of the Attorney General because the medical department is represented by the State of Texas. The last time he saw Dr. Barber, the doctor told him that the medical department did not do job changes, meaning Dr. Barber must be following TDCJ policy in accordance with state law. He lists his medications and says that he is not in any gang or prison family. The response to this grievance appeal stated that on December 2, 2021, he received a job change and is now a counter attendant; however, when assigning jobs, the inmate's medical restrictions and special skills are reviewed to determine the best job. The amended complaint seeks unspecified monetary damages, including punitive damages.

**II. Discussion**

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. Twombly, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Id. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing

a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. Chhim v. University of Texas at Austin, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

Plaintiff names the Texas Department of Criminal Justice and the Office of the Attorney General as defendants, but these are agencies of the State of Texas and thus immune from suit for monetary damages by the Eleventh Amendment. Aguilar v. TDCJ, 160 F.3d 1052, 1054 (5th Cir. 1998); El Bey v. Dominguez, 540 F.Supp.3rd 653, 678 (N.D.Tex. 2020). Plaintiff has failed to state a claim upon which relief may be granted against TDCJ and the Office of the Attorney General.[1]

---

[1] In any event, the Fifth Circuit has held that requiring inmates to work, even without pay, does not violate the Thirteenth Amendment's prohibition against slavery. Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001).

Plaintiff also sues Dr. Barber, contending that the doctor told him that he, Dr. Barber, did not make job assignments. This advice was correct under TDCJ policy; jobs are assigned by the classification department on each unit, not the medical department. *See, e.g.*, Willcoxson v. Thaler, civil action no. 4:10cv2839, 2012 U.S. Dist. LEXIS 167764, 2012 WL 5943384 (S.D.Tex., November 27, 2012); Jones v. Jordan, civil action no. 2:04cv96, 2004 U.S. Dist. LEXIS 22507, 2004 WL 2421606 (N.D.Tex., October 29, 2004); *TDCJ Offender Orientation Handbook* (February 2017 ed.), p. 7 (available online at https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf). Plaintiff alleges no facts showing Dr. Barber was deliberately indifferent to his serious medical needs; on the contrary, he concedes that he did have medical restrictions and that he is receiving medication for his high blood pressure and asthma. Instead, he complains he was assigned to a job outside of his medical restrictions, but offers nothing to suggest that the only individual whom he sued, Dr. Barber, was responsible for Plaintiff's job assignment, nor that Dr. Barber required him to work or gave him disciplinary cases when he did not work.

The Fifth Circuit has stated personal involvement is an essential element of a civil rights cause of action. Wells v. Collier, 834 F.App'x 949, 2021 U.S. App. LEXIS 2940, 2021 WL 364241 (5th Cir., February 2, 2021), *citing* Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) *and* Cass v. City of Abilene, 814 F.3d 721, 728 (5th Cir. 2016). In the absence of any allegation that Dr. Barber was responsible for Plaintiff's job assignment or was deliberately indifferent to his serious medical needs, Plaintiff has failed to state a claim upon which relief may be granted against Dr. Barber. Iqbal, 556 U.S. at 677-78.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A.

   A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

   Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**SIGNED this 15th day of March, 2022.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE