IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN OTIS THORNTON, JR<br><br>v.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OFFICE OF ATTORNEY GENERAL, MARK BARBER | §<br>§<br>§  CIVIL ACTION NO.  5:22-CV-00005-RWS<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 16), which contains her findings, conclusions and recommendations for the disposition of this matter.  Plaintiff John O. Thornton, Jr., a prisoner confined at the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed the above-captioned civil action complaining of alleged violations of his constitutional rights.  Docket No. 1.[1]  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636 and the applicable orders of this Court.  After reviewing the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Docket No. 16.  Plaintiff filed objections in response.  Docket No. 17.  The Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 16) as the findings and conclusions of this Court.

Plaintiff alleges he is being forced to work despite his medical restrictions and that requiring him to work amounts to slavery because he does not receive good time or work time and has to serve 30 calendar years before becoming eligible for parole.  Docket No. 1 at 3–4.  Plaintiff states that he has high blood pressure and asthma.  *Id.* at 4.  Plaintiff acknowledges that he has work restrictions of no work in sunlight, no exposure to environmental pollutants and no

---

[1] The named Defendants are the Texas Department of Criminal Justice, the Office of the Attorney General, and Dr. Mark Barber—a TDCJ-CID physician.  In his objections to the Magistrate Judge's Report, Plaintiff seeks to add the Director of TDCJ-CID as a named Defendant and drop Dr. Barber.  Docket No. 17 at 3, 6.

work with chemicals or irritants. *Id.* at 5. Plaintiff further acknowledges that he should also have a work restriction against excessive heat. *Id.* at 6.

In his amended complaint, Plaintiff contends that he has received over nine years and six months of good time and work time but alleges it "amounts to nothing" because it is never truly active toward his sentence. Docket No. 10-1 at 2. Plaintiff attached grievances showing that he has complained about his job assignment in the kitchen, but the response to one of these grievances states that there are multiple tasks he can perform in the kitchen within his work restrictions. Docket No. 1-2. Plaintiff states that Dr. Barber told him that he, the doctor, did not make job assignments. Docket No. 1 at 4.

Upon reviewing of the pleadings, the Magistrate Judge observed that the TDCJ and the Office of the Attorney General are state agencies that have immunity from suit under the Eleventh Amendment. Docket No. 16 at 5. The Magistrate Judge also stated that Dr. Barber's advice was correct under TDCJ policy because jobs are assigned by the classification department and not the medical department. *Id.* at 6. The Magistrate Judge noted that Plaintiff did not allege that Dr. Barber was deliberately indifferent to his serious medical needs. Docket No. 16 at 6. On the contrary, Plaintiff acknowledged that he has medical restrictions and is taking medications for his medical conditions. *Id.* Consequently, the Magistrate Judge opined that Plaintiff failed to state a claim upon which relief may be granted against Dr. Barber. *Id.* Finally, the Magistrate Judge observed that requiring inmates to work, even without pay, did not violate the Thirteenth Amendment's prohibition against slavery. *Id.* at 5.

In his objections to the Magistrate Judge's Report, Plaintiff states he has a life sentence and must serve 30 calendar years before becoming eligible for parole. Docket No. 17 at 4. Plaintiff argues that requiring him to serve 30 calendar years without good time or work time is slavery. *Id.* at 4. Plaintiff also transcribes the phrase "no guidelines from legislature?" but fails to initially explain its meaning. *Id.* at 3. Plaintiff later notes that he was sentenced under the 79th Legislature, between 2005 and 2007, and "there is no guidelines for a life sentence are [sic] anyone doing ½ law over 60 years." *Id.* at 4. Plaintiff states that some inmates are doing one-

half of their sentence before becoming eligible for parole, while others are doing 30 calendar years with no guidelines from the Legislature. *Id.* at 5.

Further in his objections, Plaintiff refers to three disciplinary cases—of which he says two were dismissed and he received a verbal reprimand in the third. *Id.* at 7. Plaintiff then refers to an ailment called long Covid. *Id.* at 8–9. Plaintiff, however, fails to state that he suffers from this ailment or otherwise show how it is relevant. Plaintiff requests the following forms of relief: an injunction requiring the TDCJ and the Office of the Attorney General to cease their policy requiring "force[d] worked and receiving Disciplinary Reports" and $100 million in punitive damages for being subjected to slavery. Docket No. 9. The TDCJ records show that Plaintiff is serving a life sentence for murder. Plaintiff becomes eligible for parole after serving 30 calendar years, on April 30, 2036.

At the time of Plaintiff's conviction, the relevant law concerning parole eligibility was governed by Title 4, Texas Government Code, Section 508.145, which was effective from September 1, 2005 to August 31, 2007. *See* 4 TEX. GOV'T CODE § 508.145. Under this section, an inmate serving a sentence for an offense described by Texas Code of Criminal Procedure Article 42.12, Section 3g(a)(1)(A) (murder) "is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years." *Id.* Because Plaintiff is serving a life sentence, the length of one-half of the sentence cannot be quantified, meaning the 30-calendar year provision applies to him. *See, e.g., McPherson v. Davis*, No. 4:17cv418, 2018 WL 4401718 (N.D. Tex. 2018). Plaintiff's contention that the Texas Legislature provided no guidelines, and that this provision subjects him to slavery, is without merit.

In his objections to the Magistrate Judge's Report, Plaintiff also seeks to add the Director of TDCJ, arguing that the Director adopted unspecified policies requiring him to "work with medical restrictions during this pandemic or any other time." Docket No. 17 at 3. As the Magistrate Judge observed, the responses to the grievances attached by Plaintiff indicate that he

was assigned tasks within his medical restrictions. Docket No. 16 at 2. Even were this not the case, Plaintiff has not pointed to any policies adopted by the Director which would require him to work outside of his restrictions.

The Director of TDCJ-CID is not vicariously liable under §1983 under any theory of supervisory liability for any actions or omissions by his employees. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017). Rather, a supervisor may be held liable if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that the Director affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts).

Likewise, Plaintiff does not allege any facts showing the Director had any personal involvement in or even knowledge of his work assignment, nor that the Director engaged in wrongful conduct which was causally connected to a constitutional violation. *See Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017). As the Magistrate Judge stated, job assignments are done by the unit classification committee and thus not by the Director of TDCJ-CID. Plaintiff also fails to allege the Director knew of the conditions of his confinement or implemented unconstitutional policies relating to these conditions. Plaintiff's objections are, therefore, without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."). Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Plaintiff's objections (Docket No. 17) are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-titled cause of action is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that any and all motions currently pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 27th day of May, 2022.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE